UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LISA B.,

          Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

          Defendant.

Case No. C23-5883-SKV

ORDER AFFIRMING THE
COMMISSIONER'S DECISION

Plaintiff seeks review of the denial of her application for Supplemental Security Income (SSI). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

Plaintiff was born in 1975, has a high school education, and previously worked as a bartender, children's tutor, and marketing and sales promotion representative. AR 30. Plaintiff was last gainfully employed in February 2020. AR 18.

In February 2020, Plaintiff applied for benefits, alleging disability as of August 2015. AR 224-33. Plaintiff's applications were denied initially and on reconsideration, and Plaintiff

requested a hearing.  AR 78-103, 112-14.  After the ALJ conducted a hearing in June 2022, the ALJ issued a decision finding Plaintiff not disabled.  AR 16-32, 43-70.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one**:  Plaintiff has not engaged in substantial gainful activity since February 2020.

**Step two**:  Plaintiff has the following severe impairments: generalized anxiety disorder, major depressive disorder, and post-traumatic stress disorder (PTSD).

**Step three**:  These impairments do not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity ("RFC")**:  Plaintiff can perform a full range of work at all exertional levels with some nonexertional limitations:  she can have occasional, superficial contact with the public and coworkers with no teamwork or collaborative tasks.

**Step four**:  Plaintiff cannot perform past relevant work.

**Step five**:  As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, Plaintiff is not disabled.

AR 18-19, 23, 30-31.

The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision.  AR 1-7.  Plaintiff appealed the final decision of the Commissioner to this Court.  Dkt. 4.  The parties consented to proceed before the undersigned Magistrate Judge.  Dkt. 2.

## LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on harmful legal error or not supported by substantial evidence in the record as a whole.  *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir.

---

[1] 20 C.F.R. § 416.920.
[2] 20 C.F.R. Part 404, Subpart P., App. 1.

2005).  As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination."  *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted).  The Court looks to "the record as a whole to determine whether the error alters the outcome of the case."  *Id*.

Substantial evidence is "more than a mere scintilla.  It means - and means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (cleaned up); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989).  The ALJ is responsible for evaluating symptom testimony, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist.  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner.  *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).  When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld.  *Id.*

## DISCUSSION

Plaintiff argues the ALJ erred by misevaluating the medical evidence, Plaintiff's testimony, lay evidence, and Plaintiff's RFC.  The Commissioner argues the ALJ's decision is free of harmful legal error, supported by substantial evidence, and should be affirmed.

### A.     The ALJ Did Not Err in Evaluating the Medical Evidence

Under regulations applicable to this case, the ALJ is required to articulate the persuasiveness of each medical opinion, specifically with respect to whether the opinions are supported and consistent with the record.  20 C.F.R. § 416.920c(a)-(c).  An ALJ's consistency

and supportability findings must be supported by substantial evidence.  *See Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

          1.        David T. Morgan, Ph.D.

In November 2019, Dr. Morgan examined Plaintiff and opined she was: (1) severely limited in adapting to changes in a routine work setting, communicating and performing effectively in a work setting, maintaining appropriate behavior in a work setting, and completing a normal workday and work week without interruptions from psychologically based symptoms; (2) markedly limited in performing activities within a schedule, maintaining regular attendance, being aware of normal hazards and taking appropriate precautions, asking simple questions or requesting assistance, setting realistic goals, and planning independently; and (3) moderately limited in understanding, remembering, and persisting in tasks following detailed instructions, learning new tasks, performing routine tasks without special supervision, and making simple work-related decisions.  AR 680-83.  The ALJ found this opinion unpersuasive, noting it predated Plaintiff's protective filing date, was unsupported by objective evidence, and was inconsistent with other medical opinions, the longitudinal record, and Plaintiff's daily activities.  AR 28-29.

Plaintiff argues the fact the opinion predated the filing date by three months was not a valid reason to reject it, noting there is no evidence she experienced substantial improvement between those dates.  Dkt. 12 at 3.  However, the ALJ also explained that Dr. Morgan's opinion was undermined by his clinical observations and findings, which indicated Plaintiff denied current suicidal ideation, lived with friends, did household chores, and actively engaged with counseling and psychiatric medication management.  AR 29.  Moreover, the ALJ pointed out Dr. Morgan's observations that Plaintiff was well groomed, appropriately dressed, cooperative, fully

oriented, with normal speech, thought processes and content, perception, memory, fund of knowledge, concentration, abstract thought, insight, and judgment.  AR 29.  Plaintiff's argument does not articulate an error the ALJ made in this regard.

Instead, Plaintiff asserts the ALJ erred by prioritizing non-examining opinions, dismissing Dr. Morgan's observations that she was anxious and had a tearful affect, and ignoring that the opinion was based on her reports about her history of symptoms.  Dkt. 12 at 3-5.  But the Ninth Circuit has held that under the new regulations, this framework is no longer applicable.  *Woods*, 32 F.4th at 792 ("The revised social security regulations are clearly irreconcilable with our caselaw according special deference to the opinions of treating and examining physicians on account of their relationship with the claimant."); *see also Vincent v. Heckler*, 739 F.2d 1393, 1394–95 (9th Cir. 1984) (ALJ is not required to discuss all evidence, only significant probative evidence that has been rejected).  Although Plaintiff suggests the record could be interpreted in her favor, where the evidence is open to more than one rational finding, the Court must affirm the ALJ.  *Thomas*, 278 F.3d at 954.

Plaintiff also argues the ALJ improperly acted as her own medical expert, noting that Dr. Morgan's opinion was broadly consistent with other opinions and the longitudinal record.  Dkt. 12 at 3-4.  This argument fails to establish error in the ALJ's evaluation.  The ALJ found the opinion inconsistent with Plaintiff's daily activities and the longitudinal record, including Plaintiff's responsiveness to treatment and medication.  AR 29 (citing AR 77-80, 93-95, 97-99, 281-97, 317-24, 338-45, 708, 741, 743, 745, 747, 778-82, 848, 933, 937, 942, 946, 1279, 1283, 1288, 1292, 1355, 1432, 1532, 1535, 1592).  An ALJ may reject a medical opinion that is contradicted by objective evidence in the medical record.  *Ford v. Saul*, 950 F.3d 1141, 1156 (9th Cir. 2020); *see also Molina*, 674 F.3d at 1113 (An ALJ may draw reasonable inferences

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 5

from evidence of activities that contradict claims of a debilitating impairment); *Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017) ("[E]vidence of medical treatment successfully relieving symptoms can undermine a claim of disability.").

Plaintiff's vague reference to counseling notes and other assessments does not articulate a specific error in the decision or engage with the ALJ's reasoning. The Ninth Circuit has itself recognized that "ALJ's are, at some level, capable of independently reviewing and forming conclusions about medical evidence to discharge their statutory duty to determine whether a claimant is disabled and cannot work." *Farlow v. Kijakazi*, 53 F.4th 485, 488 (9th Cir. 2022). It is not the Court's role to reevaluate the evidence. *Thomas*, 278 F.3d at 957. Consequently, the Court affirms the ALJ's evaluation of Dr. Morgan's opinion.

        2.      *Justin Stamschror, M.D.*

Plaintiff argues the ALJ erred by failing to accept Dr. Stamschror's opinion that her ability to interact with coworkers, supervisors, and the public, and adapt to workplace stresses, was "significantly impaired." Dkt. 12 at 6-7. Here, Dr. Stamschror reported Plaintiff's ability to interact and adapt to stress was "likely impaired based on the claimant's reported difficulty of interpersonal struggles and poor distress tolerance historically." AR 782. The ALJ accommodated this by limiting Plaintiff to occasional, superficial contact with the public and coworkers, with no teamwork or collaborative tasks. AR 23. Plaintiff's summary challenge does not demonstrate error in this determination. *See Kitchen v. Kijakazi*, 82 F.4th 732, 740 (9th Cir. 2023) (RFC sufficiently tracked persuasive opinion even though it did not incorporate it in full). The Court thus affirms the ALJ's evaluation of this opinion.

        3.      *Jan Lewis, Ph.D., and Vincent Gollogly, Ph.D.*

Plaintiff contends the ALJ erred by rejecting Dr. Lewis' assessment of concentration and attention restrictions, asserting these limitations were supported and consistent with the opinions from Drs. Morgan and Stamschror. Dkt. 12 at 8. This argument fails to establish error because the ALJ properly rejected these opinions, as the Court found earlier. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175-76 (9th Cir. 2008).

Plaintiff also argues the ALJ erred in evaluating Dr. Gollogly's opinion. Dkt. 12 at 8. She notes the ALJ's analysis of this opinion was "not entirely clear," and contends the opinion lacked support and consistency. *Id.* This argument fails to challenge the ALJ's analysis or identify a specific error in the decision. *See Molina*, 674 F.3d at 1111. Bare assertions, absent analysis, do not meet the requirement that Plaintiff present her contentions and reasons with specificity. *Sekiya v. Gates*, 508 F.3d 1198, 1200 (9th Cir. 2007). "[A] bare assertion of an issue does not preserve a claim." *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929-30 (9th Cir. 2003). Although Plaintiff suggests a reasonable ALJ could have reached a different disability determination, Dkt. 13 at 11, just because "the ALJ *could* have come to a different conclusion" does not mean the ALJ erred. *Shaibi v. Berryhill*, 870 F.3d 874, 879-80 (9th Cir. 2017) (emphasis in original). Since Plaintiff's argument does not address the ALJ's reasoning, the Court affirms the ALJ's conclusion.

        4.      *Other Medical Evidence*

Finally, Plaintiff dedicates a page to listing medical findings, asserting this evidence is consistent with her allegations and that it undermines the ALJ's conclusion that "all" of her mental health findings are normal. Dkt. 12 at 7-8. While Plaintiff contends the ALJ found her mental health findings were entirely normal, the record paints a different picture. The ALJ found

Plaintiff was severely impaired by her anxiety, depression, and PTSD. AR 18. The ALJ also acknowledged mental status exams reported some ongoing anxious or depressive symptoms. AR 19-30. Despite this, the ALJ discounted the alleged severity of Plaintiff's impairments, citing broadly unremarkable clinical evidence, Plaintiff's daily activities, her work during the relevant period, and her positive response to treatment and medication. AR 23-30. Plaintiff's summary challenge fails to demonstrate error in the ALJ's decision. *Molina*, 674 F.3d at 1111. As such, the Court affirms the ALJ's assessment of the medical evidence.

### B. The ALJ Did Not Err in Evaluating Plaintiff's Testimony

The ALJ summarized Plaintiff's allegations and discounted them because her testimony was inconsistent with her daily activities, unremarkable exam findings, and positive response to treatment and medication. AR 24-26. Absent evidence of malingering, an ALJ is required to provide clear and convincing reasons to discount a claimant's testimony. *Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014). This requires the ALJ to specify which parts of the testimony are not credible and explain what evidence contradicts it. *Laborin v. Berryhill*, 867 F.3d 1151, 1155 (9th Cir. 2017). However, the ALJ is not required to believe every claim of disabling pain, *Ahearn v. Saul*, 988 F.3d 1111, 1116 (9th Cir. 2021), or to analyze the claimant's testimony line by line. *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020). "The standard isn't whether our court is convinced, but instead whether the ALJ's rationale is clear enough that it has the power to convince." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022).

Plaintiff argues the ALJ failed to give legally sufficient reasons for rejecting her testimony for four reasons. Dkt. 12 at 9-13. First, Plaintiff contends the ALJ failed to properly evaluate the medical opinion evidence. *Id.* at 9. This argument is unavailing because the ALJ

properly rejected these opinions, as the Court found earlier. *See Stubbs-Danielson*, 539 F.3d at 1175-76.

Second, Plaintiff asserts the ALJ erred by discounting her testimony due to her positive response to medication and treatment. Dkt. 12 at 10. To this point, she argues the ALJ conflated 'stable' with 'asymptomatic.' *Id.* This argument is unavailing. The ALJ cited treatment notes indicating Plaintiff demonstrated substantial improvement in her symptoms, was considered stable by mid-to-late 2021, and was successful at coping and working through panic attacks without using her as-needed medication. AR 26 (citing AR 751, 998-99, 1119, 1150, 1196, 1204, 1344, 1355, 1382, 1390). Inconsistent medical evidence, evidence of improvement with treatment, and evidence of minimal treatment are all valid reasons to reject a claimant's allegation of disabling limitations. *See, e.g.*, *Wellington*, 878 F.3d at 876; *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) ("Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony."); 20 C.F.R. § 416.929(c)(3) (treatments or other methods used to alleviate symptoms is "an important indicator of the intensity and persistence of your symptoms"). Plaintiff's disagreement with the ALJ's conclusion does not identify an error in the ALJ's evaluation. While the ALJ's interpretation may not be the only one, it is rational and must therefore be upheld. *Smartt*, 53 F.4th at 499.

Third, Plaintiff argues the ALJ's reliance on her activities was not a legitimate reason to reject her testimony. She asserts these activities are neither valid indicators of her ability to work, nor do any of them show she could perform any type of work on a sustained basis. Dkt. 12 at 10. Here, the ALJ determined Plaintiff's testimony was inconsistent with her ability to live in a house with friends, have a boyfriend, prepare meals, meditate and perform mindfulness exercises, help feed and care for animals, exercise, perform household chores, go outside one or

two times per week, go on walks, ride in a car with others, shop in stores and by computer, spend time with others, and travel to Texas for a week.  AR 24 (citing AR 43-70, 281-97, 338-35).  An ALJ may use clear and convincing evidence, including inconsistencies in the medical record and in statements about daily activities, to reject symptom testimony.  *Farlow*, 53 F.4th at 489.

The ALJ also found her testimony inconsistent with her ability to perform part time work tutoring children throughout the relevant period.  AR 26 (citing AR 933, 937, 942, 946, 1195, 1279, 1283, 1288, 1381, 1448).  An ALJ may consider evidence of employment during symptomatic periods in assessing Plaintiff's testimony.  *Ahearn*, 988 F.3d at 1117.  Even if this evidence is susceptible to more than one rational interpretation, the Court cannot say that the ALJ's interpretation was unreasonable.  *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) (affirming ALJ where evidence of activities had more than one rational interpretation); *see also Molina*, 674 F.3d at 1112-1113 ("Even where . . . activities suggest some difficulty in functioning, they may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment.").

Fourth, Plaintiff spends several pages summarizing portions of the record from testimony during the hearing without making an argument or showing a logical connection between the testimony and an alleged error by the ALJ.  Dkt. 12 at 10-13.  Plaintiff then asserts, in conclusory fashion, that the summarized testimony is the testimony that the ALJ improperly rejected.  *Id.* at 13.  This argument fails because Plaintiff makes no challenge specifically addressing any of the ALJ's reasons for rejecting this testimony.  While Plaintiff contends "a reasonable ALJ who properly evaluated and fully credited this evidence could have reached a different disability determination," *id.*, just because "the ALJ *could* have come to a different conclusion" does not mean the ALJ erred.  *Shaibi*, 870 F.3d at 879-80.

In sum, the ALJ discounted Plaintiff's testimony because it was inconsistent her daily activities, unremarkable exam findings, and positive response to treatment and medication. The ALJ's discussion of the evidence was reasonable and supported by substantial evidence. The Court thus affirms the ALJ's evaluation of Plaintiff's testimony.

### C. The ALJ Did Not Err in Evaluating Lay Evidence

The ALJ's decision to discount the opinion of a non-medical source, such as a friend or a family member, should be upheld if the ALJ provided "reasons germane to each witness for doing so." *Turner v. Commissioner of Social Sec.*, 613 F.3d 1217, 1224 (9th Cir. 2010) (citation omitted); 20 C.F.R. § 416.920. Plaintiff argues the ALJ failed to provide relevant reasons for rejecting the statements provided by her partner, C.W. Dkt. 12 at 13-15. The ALJ noted C.W.'s testimony was generally similarly with Plaintiff's and rejected it because it was inconsistent with the medical record. AR 29-30.

Plaintiff asserts this was not a germane reason to reject lay evidence and that a reasonable ALJ who fully credited this evidence could have reached a different decision. Dkt. 12 at 15. This argument is unconvincing because the ALJ properly discounted Plaintiff's testimony and gave similar reasons for discounting the lay testimony. AR 24-26, 29-30; *see also Thomas*, 278 F.3d at 954; *Molina*, 674 F.3d at 1117. Moreover, the brief observations made by C.W. do not add any limitations the ALJ did not already assess. *See, e.g., Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009). The Court has already found the ALJ did not err in evaluating the other evidence based upon this rationale. The ALJ accordingly did not err in rejecting C.W.'s testimony for the same reasons.

### D. The ALJ Did Not Err in Evaluating RFC

Plaintiff contends the ALJ's RFC assessment is insufficient because it does not include all of the limitations assessed by Dr. Morgan, Dr. Stamschror, C.W., and herself. Dkt. 12 at 15-

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 11

16. This argument fails to establish error because the ALJ properly evaluated this evidence, as previously discussed. *Stubbs-Danielson*, 539 F.3d at 1175-76.

## CONCLUSION

For the reasons set forth above, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

Dated this 2nd day of July, 2024.

*S. Kate Vaughan*

S. KATE VAUGHAN
United States Magistrate Judge